UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Docket no. 2:99-cr-35-GZS |
| PATRICIA A. TEETER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO WAIVE INTEREST**

Before the Court is Defendant's Pro Se Motion to Waive the Interest on Court Ordered Restitution Pursuant to 18 U.S.C. § 3612(f)(3)(A) (Docket # 47). The Government has objected to Defendant's request (Docket # 48). Defendant has filed a reply to the Government's objection (Docket # 49). Having reviewed all of the submissions and the record from the original sentencing, the Court hereby DENIES the Motion WITHOUT PREJUDICE to Defendant later renewing the Motion.

Defendant's Motion cites § 3612(f)(3)(A) as the basis for her request to waive interest. While this provision does allow the Court to waive and limit interest on fines and restitution, it clearly contemplates that the Court will exercise this discretionary authority at sentencing. The judgment and sentencing transcript reflect that Judge Carter, while waiving any fine, did not waive of interest on the restitution, nor does it appear that Defendant sought such a waiver. As the Government correctly points out in its response, the Court's ability to amend the judgment more than ten years after it was entered is seriously limited. See 18 U.S.C. § 3664(o) (listing the ways that that a final sentencing

judgment might be corrected, amended or adjusted).  In short, the Court does not believe that the statutory authority initially cited by Defendant provides a basis for the Court to now waive the remaining interested that has accrued on the restitution.

Moreover, there appears to be no other statutory basis for the Court to provide Defendant the relief requested.  Rather, at this stage, the Attorney General can "waive" collection of interest albeit only upon a finding that "reasonable efforts to collect the interest . . . are unlikely to be effective."  18 U.S.C. § 3612(h).  Alternatively, as the Defendant suggests in her Reply (Docket # 49), the Court retains the ability to adjust Defendant's payment schedule based on a "material change" in her "economic circumstances" pursuant to 18 U.S.C. § 3664(k).  On the record provided, the Court declines to find sufficient evidence to conclude there is a material change in Defendant's economic circumstances that warrants any further adjustment to her payment schedule.[1]  Defendant is, of course, free to re-file her request as a request if she wishes to present additional evidence regarding changes to her economic circumstances that may qualify for any further adjustment of her payment schedule.  But see United States v. Fenton, 577 F. Supp. 2d 458, 459 (D. Me. 2008) (declining to find that an incarcerated defendant met the standard for modification under 18 U.S.C. § 3664(k)).  However, as currently presented, the Court cannot utilize 18 U.S.C. § 3664(k) to waive interest that Judge Carter declined to waive when entering judgment on October 2, 2000.

While the Court may not have the ability to provide Defendant with the relief she has requested, the Court acknowledges that Defendant, apparently with financial help

---

[1] Based on the Defendant's Inmate Statement (Docket # 47-2), it appears that the BOP Inmate Financial Responsibility Program, in fact, has lowered Defendant's monthly payment from $75 a month to $25 a month.

from her family, has made a commendable effort to pay her restitution obligation while incarcerated. To date, she has paid over $7,000.00.[2] These payments have paid the bulk of the monetary restitution to the victim in this case. However, to the extent that the victim was unable to receive full monetary restitution at the time of sentencing, interest payments remain an important part of the restitution required to fully repay the victim for her related monetary losses.

Having found no basis to provide Defendant the relief requested, the Court hereby DENIES Defendant's Motion to Waive Interest.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 25th day of April, 2011.

---

[2] By comparison, her co-defendant, Steven K. Brown, who is jointly and severally liable for the restitution and interest, has paid approximately $1,500.00 since being sentenced.